# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN ROUDYBUSH,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**DAVID NEAL, et al.,**<br><br>     **Defendants.** | Case No. 17-CV-2606-KHV-GLR |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

The Court has granted Plaintiff leave to proceed in forma pauperis.[1] As a result, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned magistrate judge recommends dismissal of this action for failure to state a claim upon which relief may be granted.

---

[1] ECF 5.

A. Background

Pro se plaintiff John Roudybush filed this action on October 18, 2017. It is not clear what claim(s) for relief his complaint purports to allege.[2] Plaintiff indicates that his case arises because of violations of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States, pursuant to 28 U.S.C. §1343.[3] Plaintiff also states his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated, based on an illegal taking of property.[4] On his Civil Cover Sheet[5] Plaintiff states he is filing under "Amendment 4, 5, 14" and has checked the box for "Racketeer Influenced and Corrupt Organizations."[6] Plaintiff is claiming one million dollars in damages.[7]

In a separate attachment included with his Complaint, Plaintiff states he is filing a civil complaint "that should be and is a criminal complaint."[8] Although it is somewhat hard to follow, Plaintiff appears to say the Defendants trespassed on his property in Salina, Kansas, and removed a trailer which contained his personal property.[9] Plaintiff does not say when or under what circumstances this occurred. He does not provide any other details, except to reiterate that he would prefer to file this case as a criminal complaint but has been "forced" to file it as a civil complaint.[10]

B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2), a court, after granting leave to proceed in forma pauperis, must screen a complaint to determine whether the case should be dismissed because the action (i)

---

[2] ECF 1.
[3] *Id.* at 3.
[4] *Id.*
[5] ECF 2.
[6] *Id.*
[7] ECF 1 at 4.
[8] *Id.* at 7.
[9] *Id.*
[10] *Id.* at 8.

is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary relief from a defendant who is immune from suit.  The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[11]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[12]  A complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[13]  Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14]  In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[15]

In making its analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[16]  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[11] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).
[12] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[14] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).
[15] *Id.*
[16] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

structure, or his unfamiliarity with pleading requirements."[17]  This does not mean, however, that the court must become an advocate for the pro se plaintiff.[18]  *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[19]

Even with a liberal construction of his Complaint, Plaintiff fails to state a claim that is facially plausible.  It is unclear what claim he is asserting.  Plaintiff has not stated facts sufficient to show that the Court would have any jurisdiction over whatever claim he may be trying to assert.  Despite what he checked on his Civil Cover Sheet, he appears to allege that Defendants removed his belongings.  However, he does not provide any factual basis for his allegations.  The complaint does not state the circumstances under which the alleged taking occurred, whether the Defendants had permission to take his belongings, when this alleged taking occurred, or what precipitated it.  Plaintiff also does not state what role each Defendant played in the alleged taking or make any specific allegations against any of them.  If a complaint "is sufficiently devoid of facts necessary to establish liability," the court must conclude that a plaintiff has failed to push his claims "across the line from conceivable to plausible."[20]

Plaintiff further does not appear to sufficiently allege a claim under 42 U.S.C. § 1983.  To succeed on an action alleging a violation under 42 U.S.C. § 1983, a plaintiff must show the defendant was acting "under color of any statute, ordinance, regulation, custom, or usage."  Plaintiff's complaint fails to describe any action taken by any defendant, or that any defendant was acting under color of state law.

Because all defendants and Plaintiff appear to be residents and citizens of the state of Kansas, Plaintiff does not plead diversity jurisdiction.  The Court would have to speculate as to

---

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[18] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).
[19] *Hall*, 935 F.2d at 1108.
[20] *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

any other potential claim, meaning Plaintiff's Complaint fails to contain "enough facts to state a claim to relief that is plausible on its face."[21]

Plaintiff himself seems to acknowledge that he does not state a plausible claim. He says multiple times that he believes this case should be a criminal action. He says he has contacted several people and agencies including the Attorney General, KBI, FBI, and Department of Justice.[22] He says he even discussed the issue with the Clerk's Office when he filed this action.[23] However, there is no indication that any of the Defendants were or have been charged with any crime. Instead, Plaintiff's allegations appear to be nothing more than bare conclusions and fail to state a plausible claim against any Defendant.

## RECOMMENDATION

The Court may grant relief only for actual cases and controversies.[24] Plaintiff's Complaint does not state a plausible case or controversy. Therefore, the undersigned magistrate judge recommends that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated February 6, 2018, in Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[22] ECF 1 at 7.
[23] *Id.* at 8.
[24] U.S. CONST. art. III, § 2, cl. 1.